IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FILED**

AUG 29 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CANTON

PAGE: 1

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>Vs.<br><br>CHRISTOPHER UGOCHUKWU<br>Defendant | CASE No. 1:10-CR-00405<br><br>JUDGE JOHN R. ADAMS<br><br>DEFENDANT'S SUPPLEMENTAL<br>MOTION FOR SENTENCE REDUCTION<br>UNDER 18 U.S.C § 3582(c)(1)(A) |

Defendant, respectfully Supplements his Pro-se Motion ("Motion") for a Sentence reduction pursuant to the First Step Act of 2018 (FSA) (filed on february 2, 2022) Under 18 U.S.C § 3582(c)(1)(A).

Mr. Ugochukwu meets the Criteria Set forth by Supreme Court in Concepcion, When adjudicating Compassionate Release Motions for Sentencing reductions or time-Served. — See Concepcion v. United States, NO. 20-1650 (S.Ct.June 27, 2022) (The First Step Act allows district Courts to Consider intervening Changes of Law or fact in exercising Their discretion to reduce a Sentence.).

# CONCEPCION'S EFFECT (Intervening Changes of Law or fact)

Since Ugochukwu was apprehended, Convicted and Sentenced. Several Intervening Changes of Laws or facts had happend that Constitutes what is beyond usual, Customary, regular, or Common, and is so great that irreparable harm or injustice would result if the relief is not granted.

All-Drugs-Minus-two Points level, happened; United States v. Jones, 565 U.S 400, 404 (2012), happened; United States v. Havis, 927 F.3d 382 (6th Cir. 2019) (en banc), happened; United States v. Mccall, No. 21-3400 (6th Cir. Dec. 17, 2021, happened; and just few months ago, Concepcion v. United States, No. 20-1650 (S.Ct. June 27, 2022), happened. Bear in mind that events have just Overtook the Government's arguement in regards to McCall's non-retroactive applicability to Mr. Ugochukwu's Compassionate Release Motion, by the way

PAGE: 2

of Concepcion's decision in the Supreme Court.

All these INTERVENING CHANGES OF LAWS, when apply, are grossly disproportionate to a Sentence which would be imposed to Mr. Ugochukwu, in the Present. — See Concepcion again (Notably, the "as if" clause requires a district court to apply the Fair Sentencing Act as if it applied at the Commission of the Offense, not at the Original Sentencing).

(A) UNITED STATES V. JONES, 565 U.S 400, 404 (2012)

Just One Year after Ugochukwu was Sentenced, the Supreme Court held that "the Government's installation of a GPS device on a target's Vehicle, and it's use of that device to Monitor the Vehicle's movements Constitutes a "Search". — See United States v. Jones, 565 U.S 400, 404 (2012). The Sixth Circuit Appeal Court had Ordered that Jones, however was decided after the 2010 installation of warrantless GPS device in Ugochukwu's Case thereby, he fails on merit for a relief on the Claim because of the timing.

The Pre-Jones Cases were not beneficial in this intervening Change of Law because of it's non-retroactivity. — See United States v. Ugochukwu, NO. 17-30 73 pg. 5 (July 06, 2017) (Given the timing of the installation of the GPS device in this Case, Ugochukwu has not established that Counsel performed ineffectively by failing to file a motion to Suppress information obtained from the GPS).

Warrantless GPS device Placement on Ugochukwu's Vehicle is no longer Lawfully applicable Under the Fourth Amendment Constitution Since Post-Jones. — See United States v. Lawson, 824 F. App'x 411, 412 (6th Cir. 2020) (When "deciding whether to grant a defendant's Motion Under the First Step Act", the district Court may Consider — as Simply a "Factor Under 18 U·S·C § 3553 — that the defendant was Sentenced based in Part on what would now be Considered a legal Mistake"); United States V. Maxwell, 991. F· 3d 685 (6th Cir. March 19, 2021).

The Supreme Court had held that "The First Step Act allows district Courts to Consider intervening Changes of Law or fact in exercising their discretion to reduce a Sentence pursuant to the First Step Act", in Concepcion. If Ugochukwu's Case were to be adjudicated today Under the Same Scenario, his Sentencing outcome would definately have been different. Thus, Constitute

an extraordinary and Compelling Circumstances Under the First Step Act of 2018, as envisioned by the Congress.

(B) ALL-DRUGS-MINUS-TWO POINT LEVEL (2014 Amendment)

This Very Own Court acknowledged that Ugochukwu is eligible for a Sentence reduction Under §1B1.10 of the 2014 amendment to the Sentencing Guidelines of All-Drugs-Minus-Two Points level reduction.— See United States V. Ugochukwu, 2015 U.S Dist. Lexis 191138 (N.D. Ohio Octo. 20, 2015)(The Defendant would otherwise be eligible for a Sentence reduction Under §1B1.10). That amendment did not benefit all prisoners Serving Drug Sentences handed prior to its enactment but rather was left in the hands of the district Judge to use their discretion on it's application of retroactivity.

Although eligible, Ugochukwu never benefited from it. Sixth Circuit had held that Under it's precedents, a Court may Consider a non-retroactive changes in Law as a factor informing extraordinary and Compelling Circumstances in qualifying Candidates for Sentencing reduction Under 18 U.S.C § 3582 (c)(1)(A). Recently, Supreme Court in Concepcion, punctuated and re-affirmed that authority.— See Concepcion v. United States, (Quotation Omitted).

If Ugochukwu were to be Sentenced today, the law mandates U.S.S.G Amendment 782 (eff. Nov. 1, 2014) to be applicable to him, without the discretionary of the district Judge.— See United States V. Newton, 2019 WL 1007100, *5 (WD Va., Mar. 1, 2019)(Considering that the Movant, "if he were Sentenced today", would no longer qualify' for Career Offender Status).

(C) UNITED STATES V. HAVIS, 927 F. 3d 382 (6th Cir. 2019) [en banc]

§4B1.2 (b) text, is a true definition of 21 U.S.C § 841 (Controlled Substance Offense) according to the United States Sentencing guidelines. The Congress adopted it's text as true Meaning Law of the Land, not it's Commentaries.— See Havis, (Quotation Omitted). For proper administration of United States Code's (Statue) penalties to avoid disparities or disproportionates of the Law's punishment.— See Federal Sentencing Guidelines Manual 2018, Chapter 1, Part A (1)(It's principal purpose is to establish Sentencing policies and practices for the Federal Criminal Justice System that will assure the ends of justice by Promulgating detailed guidelines

PAGE: 4

prescribing the appropriate Sentences for Offenders Convicted of Federal Crimes).

History:

The United States Sentencing Commission ("Commission") is an independant agency in the judicial branch Composed of Seven Voting and two-non-Voting ex officio members. The Commission was formed after the Sentencing Reform Act of 1984 and its initial guidelines were submitted to Congress on April 13, 1987. After the prescribed period of Congressional review, the guidelines took effect on Nov. 1, 1987, and apply to all offenses committed on or after that date. The Commission has the authority to submit guidelines amendments each year to Congress between the beginning of a regular Congressional session and May 1. Such amendments automatically take effect 180 days after submission unless a law is enacted to the Contrary. — See 28 U.S.C § 994 (P).

Commission pursuant to the Act of 1984, the Commission MANDATES Sentencing Courts to select a Sentence from within it's guideline range(s). If, however, a particular Case presents atypical features, the Act allows the Court to depart from the Guidelines and Sentence outside the prescribed range. In that Case, the Court must Specify reasons for departure. 18 U.S.C § 3553 (b).

§ 4B1.2 (b) (Controlled Substance offense definition) is NOT Limited to only 4B1.1 (Career Offenders), but rather to a general application of the United States Sentencing guidelines or anywhere the "term" Controlled Substance offense is applicable in Federal Crimes. — See United States v. Norman, 935 F.3d 232 (4th Cir. August 15, 2019); United States v. Thompson, 2022 U.S. Dist. LEXIS 12682 (6th Cir. Jan. 24, 2022).

The term "Controlled Substance offense" holds no exclusivity to Career offenders. Ugochukwu was in Violation of the term "Controlled Substance offense," Just like, the likes of Havis, 927 F.3d 382 (6th Cir. 2019)(en banc); McCall, NO. 21-3400 (6th Cir. Dec. 17, 2021); Brown, NO. 19-2490 (6th Cir. Octo. 30, 2020); Cordero, 973 F.3d 603, 626 (6th Cir. 2020), reh'g denied (Nov. 3, 2020); Stephens, 812 F. App'x 356, 357 (6th Cir. 2020) (mem.) (Per Curiam) and the list goes on. And that was prior to the accumulation of their Controlled Substance offenses, being use as an enhancer to their punishment. Ugochukwu being a non-Violent First time offender, doesn't Change the fact that he was

PAGE: 5

Charged and Convicted on a Controlled Substance offense of 21 U.S.C § 841 (a) (1) or as defined on the ONLY Sentencing guideline of Federal Crimes in § 4B1.2 (b) or the fact that, the Very Same Violation or Controlled Substance offense, was the Underlying Manifestation of his Conjectured Conviction Conspiracy (§ 846) Sentenced.

Furthermore, Ugochukwu was Caught in possession of Two (2) Kilograms of Heroin, in Violation of 21 U.S.C § 841 (a)(1). His Offense of Controlled Substance Crime, falls Under the base Offense level of 30. U.S.S.G 2D1.1 (c)(5) of the Present day.

Just like the Sixth Circuit has held in Havis, the Commission use of Commentary, application notes to add extra Crimes to the definition or "USSG 2D1.1 (c)(5)" deserve no deference. Rather the text of § 2D1.1 (c)(5) Controls. — See Havis (quotation omitted). The Government arrival of Ugochukwu's base Offense level of 36. USSG 2D1.1 (c)(2) and his 21 U.S.C § 846 Conviction Sentence, Can Only been have, CONSTRUCTED in § 2D1.1 Commission's Commentary Application Notes 5, NOT in the Guideline, as was done in § 4B1.2 Commentary application note 1. in regards to Havis. — See United States v. Butler, 812 F. App'x 311, 314 (6th Cir. 2020)("Although the Specific facts of Havis involved an attempt Crime it's reasoning applied with equal force to other inchoate Crimes not listed in the text of § 4B1.2(b)").

Ugochukwu's Conspiracy (§ 846) Conviction, was a misinterpretation of a Law that Should never had been applicable. — See SEC v. Chenery Corp., 318 U.S. 80, 94, 87 L. Ed 626, 63 Ct. 454 (1943) (If the action is based upon a determination of Law as to which the reviewing authority of the Courts does Come into play, an Order may not Stand if the agency has misconceived the Law); United States v. Price, 990 F. 2d 1367 (D.C Cir. April 23, 1993).

As Mr. Ugochukwu had previously Opined, and Still insisting, that his Conspiracy (§ 846) Sentence Conviction was a decision that was erroneously made, which justify a Sentencing reduction of time — Served as a remedy after the legal Clearification in Havis. — See United States v. Cordero, 973 F. 3d 603, 626 (6th Cir. 2020), rehearing denied (Nov. 3, 2020) (we acknowledged that "Conspiracy to distribute Controlled Substances is not a "Controlled Substances offense" under the Guidelines).

It is a fact that Continue incarceration of Mr. Ugochukwu would be Considered a "Cruel and Unusual" punishment that has a tremendous Significance on his Eight Amendment rights. His 26.8 years (320 months) Prison time

punishment of a First-time non-violent offender, is excessive, disproportionate and unnecessary for an approximated possession of Two (2) Kilograms of Heroin (§841(a)(1)) Violation. — See Solem v. Helm, 463 U.S 277; 77 L Ed 2d 637, 103 S Ct. 3001 (1983) ("We conclude that his Sentence is Significantly disproportionate to his Crime, and is therefore prohibited by the Eight Amendment); Weems v. United States, 217 U.S 372-377, 54 L Ed 793, 30 S Ct. 544 (1910) ("The Court endorsed the principle of proportionality as a Constitutional Standard, and determined that the Sentence before it was "Cruel in its excess of imprisonment", as well as in its Shackles and restrictions); Robinson v. California, 370 U.S, 667, 8 L Ed 2d 758, 82 S Ct. 1417 (1962) (a Single day in prison may be Unconstitutional in Some Circumstances); Hutto v. Davis, 454 U.S 370, 374, and n 3■ 70 L Ed 2d 556, 102 S Ct. 703 (1982) (Per Curiam) (recognizing that Some prison Sentences may be Constitutionally disproportionate).

Ugochukwu Predicament, Contravene the Vision of the Congress in regards to Crimes and punishments, its purpose of Creating a Sentencing Commission Agency — See 2018 Federal Sentence Guideline Manual, Ch. I Pt. A (1) (Quotation Omitted), its purpose of enacting Amendments Changes and also its Reform Acts, if not Corrected expeditiously.

## CONCLUSION

For the reasons raised in the Original Motion and its Supplement thereto, had Mr. Christopher Ugochukwu been Sentenced Today, he would have received a Substantially Shorter Sentence and would have already Completed his prison term. Ugochukwu respectfully requests this Court to appoint him a Counsel in pursuant of Obtaining any further documentations or evidences in lacking, to support his quest for re-Sentencing of time-Served and immediate deportation to his home Country, Nigeria.

Respectfully Submitted
CHRISTOPHER UGOCHUKWU (PRO-SE)
Christopher Ugochukwu

# CERTIFICATE OF SERVICE⁺

This is to Certify that a true and Correct Copy of Defendant, Christopher Ugochukwu's Supplemental Motion for Compassionate Release brief is Mail on this 8th day of August, 2022, to the Clerk of Court for filing. Please do notify and Send Copies to all parties who have Vested interest in this Matter and also, are indicated on the electronic filing.

Petitioner, Pro-se
Christopher Ugochukwu
CHRISTOPHER UGOCHUKWU
F.C.I VICTORVILLE #1
P.O. BOX 3725
ADELANTO, CA 92301