UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
APR 02 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA (Plaintiff) | § | CASE NO. 1:10-CR-405 |
| v. | § | |
| CHRISTOPHER UGOCHUKWU (Petitioner) | § | JUDGE JOHN R. ADAMS |

## MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(2)

Now COMES, Christopher Ugochukwu (Petitioner), acting Pro se, pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in his sentence under the recent Retroactive Application of Amendment 782 to the United States sentencing Guidelines (eff. Nov. 1, 2023). The Amendment 782 made retroactive changes to the Sentencing Guideline's drug quantity base offense levels by a reduction of two levels and apply with equal force to individuals who are already sentenced. - see **U.S.S.G §1B1.10(d) and §1B1.10(e)(1).** Petitioner meets the criteria set forth in 18 U.S.C. §3582(c)(2) for a sentence reduction.

### PROCEDUAL BACKGROUND

Mr. Ugochukwu was convicted of Counts 1, 13, and 24 of the indictment. -see **(DKTS. 654).** Counts 1 and 13 involved violations of 21 U.S.C §841(conspiracy to traffic/trafficking drugs). - see **(DKTS. 654).** Count 24 charged use of a communication device to facilitate a drug felony(21 U.S.C. §843(b)). The potentially statutory penalties were 10 years to life on counts 1 and 13, and a maximum of four years as to count 24. The Court sentenced Mr. Ugochukwu to concurrent terms of 320 months in jail as to counts 1 and 13, and 48 months as to count 24. - see **(DKTS. 654).**

## STANDARD OF REVIEW

The United States Sentencing Commission as an independent agency in judicial branch, promulgates sentencing guidelines and policy statements for federal sentencing Courts pursuant to 28 U.S.C §994(a). The Commission also periodically reviews and revises previously promulgated guidelines pursuant to 28 U.S.C § 994(o) and generally submits guideline amendments to the Congress not later than the first day of May each year pursuant to 28 U.S.C §994(p). Amendments submitted, become effective by operation of law on the date specified by the Commissiion, which generally is, November 1, of the year in which the amendments are submitted to Congress.

On August 31, 2023, the Commission submitted Amendments atht targeted changes that should be applied retroactively, which included amendment 782. The purpose of these targeted amendments is to balance the Comission's mission of implementing data-driven sentencing polices with it's duty to craft penalties that reflect the statutory purposes of sentencing and to reflect "advancement in knowledge of human behavior as it relates to the criminal justice process". - see **28 U.S.C §991(b).** The Commission determined that the policy reasons underlying the prospective application of the amendment apply with equal force to individuals who are alraedy sentenced. The changes is also made to reflect it's statutory mission to provide for penalties that are "sufficient, but not greater than necessary" by recognizing that individuals with zero criminal history points have considerably lower recidivism rates than other sentenced individuals, as well as the fact that Courts generally depart and vary more often in cases involving individuals with zero criminal history points like this Petitioner, as compared with other individuals.

In retroactive application of Amendment 782, as specified in §1B1.10(d) and subsection (e)(1), is covered by the policy statement only in cases in which the order reducing the defendant's term of inprisonment has an effective date of November 1, 2015, or later, which is consistent with the policy statement and theefore is authorized under 18 U.S.C §3582(c)(2). - see **U.S.S.G. §1B1.10 cmt', Apllication note 6.**

## PETITIONER ELIGIBILITY

At the Original sentencing of the Petitioner, after the calculations of sentencing factors, the Sentencing Guidelines dictates base Offense level of 36, with Four level added for being a leader/organizer, for a total offense Level of 40. Under the New November 1, 2023 Retroactive Amendment 782 to the

Sentencing Guidelines of §1B1.10(d) and (e), the Petitioner is eligible for a reduced sentencing guideline range of 235 to 293 months, as reflected by a total offense level 38 (reduced base level of 34 and a four level enhancement for being a leader/organizer) and a criminal history category designation of 1.

Petitioner is a first time non-violent offender, who have no indication of a violent criminal history. He is a deportable alien that has been scheduled for deportation. The Petitioner had served almost 14 years of his original sentence, that reflects the seriuosness of his offense and has promoted his respect for the law.

Several Circuit Courts has ruled that punishment mechanisms that was inserted on different provisions of the sentencing factors, prior to the calculation arrival to the offense level at the original sentencing of a defendant, had justified, the fulfillment of §3553(a) factors at the Amend or Reduction in Sentence procedures. Just like it was done in this Petitioner's original sentencing hearing, before the imposition of his sentence by the district court. Any contention to the contrary would be irrational and overly punitive. - see **United States v. Smith, 959 F. 3d 701(6th Cir. 2020)**(Beyond relying on the court's analysis at the original sentencing hearing, the court briefly discussed the nature and circumstances of Smith's offense nad the need to protect the public-two of the §3553(a) factors. The court pointed to the scale and harm of Smith's criminal conduct nad determined that Smith has a high risk for recidivism based on statistical information of people who, like Smith, have a significant criminal history. However, these considerationa are accounted for within the guidelines calculation and therefore do not provide sufficient justification for maintaining a sentence that is twice the maximum of the guideline range set by the Congress. see 28 U.S.C. §991(b); Rita v. United States, 551 U.S. 338,348-49,127 S.ct. 2456,168 L. Ed. 2d 203(2007). This is especially true when the district court previously found the at-guideling range sentence to be approriate); **United States v. Domenech, No. 21-1434/1466,2023 U.S. App. Lexis 7691(6th Cir. 2023)**(Yes, the court considered "the sacle and harm of [the brothers] criminal conduct" and their "risk for recidivism", but as we found in Smith , there considerations already "are account for within the guidelines calculation" and thus do not provide "sufficiently compelling justification" for leaving in place a sentence well above the amended guidelines range).

## CONCLUSION

3

## CONCLUSION

Based on the aforementioned facts, Mr. Ugochukwu is eligible for a Sentence reduction under Retroactive Amendment 782. He humbly request, a reduce sentence of 235 months.

Respectfully submitted this  25th  day of March, 2024.

Christopher Ugochukwu
F.C.I Victorville # 1
P.O. Box 3725
Adelanto, Ca 92301

## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of Petitioner, Christopher Ugochukwu's request for Sentence in Reduction motion under 18 U.S.C. §3582(c)(2), is mail on this  25th  day of March, 2024, to the Clerk of the Court for filing. Please do notify and send copies to all parties who have vested interest in this matter and also, are indicated on the electronic filing.

Petitioner, Pro Se<br>
Christopher Ugochukwu<br>
*/s/ Christopher Ugochukwu*<br>
F.C.I Victorville Medium # 1<br>
P.O. Box 3725<br>
Adelanto, CA 92301